

**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

Jordan Ginsberg
Assistant United States Attorney

650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130

Telephone: (504) 680-3121
Fax: (504) 589-4395

October 24, 2012

Honorable Helen G. Berrigan
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C-556
New Orleans, Louisiana 70130



      Re:    United States v. Jason Long
                  Criminal No.12-267"C"

Dear Judge Berrigan:

      In compliance with the holding of Bryan v. United States, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Jason Long, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, George Chaney, Jr., has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

      The defendant, Jason Long, has agreed to plead guilty as charged to the Bill of Information currently pending against him, charging him with sexual exploitation of a child under his custody and control, in violation of Title 18, United States Code, Section 2251(b). The defendant further agrees to execute a Waiver of Indictment and will consent that the proceeding may be by information rather than by indictment.

      In exchange for the defendant's plea of guilty, the United States Attorney for the Eastern District of Louisiana agrees not to file any additional charges arising out of the defendant's sexual exploitation of Victim A (as detailed and defined in the Factual Basis) between February 13, 2006, and November 28, 2007, unless the defendant withdraws his decision to plead guilty or violates the terms of this plea agreement. The Government further agrees to dismiss any remaining counts now pending against the defendant at the time defendant is sentenced, unless the defendant withdraws his decision to plead guilty or violates the terms of this plea agreement. If the defendant withdraws his decision to plead guilty, the Government will introduce the attached Factual Basis, as well as this Plea Agreement, in the Government's case-in-chief during any subsequent judicial proceeding.

      The defendant further agrees to waive any objection he may have to this matter being adjudicated within the Eastern District of Louisiana. As such, he agrees to waive any venue-based objection under Federal Rule of Criminal Procedure 18, Title 18, United States Code, Section 3232, and any and all related laws of the United States. The

defendant agrees to enter a guilty plea to the charges contained in the Superseding Bill of Information within the Eastern District of Louisiana in accordance with the terms set forth in this plea agreement.

The defendant further understands that, should the defendant's plea of guilty be accepted, the mandatory sentence the defendant must serve is not less than fifteen (15) years imprisonment, and not more than thirty (30) years imprisonment, and/or a fine of $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

Pursuant to Section 3E1.1, Acceptance of Responsibility, of the U.S. Sentencing Guidelines, the Government agrees to a two (2) level decrease in the offense level for the defendant's timely acceptance of responsibility. Further, the Government will file a motion requesting an additional one (1) level decrease in the defendant's offense level, assuming the offense level prior to any reduction for acceptance of responsibility is a level 16 or greater.

The defendant further understands that the restitution provision of Sections 2259, 3663, and 3663A of Title 18, United States Code, will apply, and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further understands that the exact restitution figure will be calculated and recommended by the United States Probation Services and, ultimately, determined and ordered by the Court.

Further, the defendant understands that a mandatory special assessment fee of $100.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a mandatory minimum period of five (5) years and up to life, pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant

2

also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2) may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

      a. Waives and gives up his right to appeal or contest his guilty plea, conviction, sentence, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to his right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 18, United States Code, Section 1291;

      b. Waives and gives up his right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up his right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

      c. Waives and gives up his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

      d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post conviction challenge if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the

3

instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates, and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

The defendant has been advised, and he understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he resides or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of his name, residence, employment, or student status. He has been advised, and he understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment, or both.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if he is not truthful, this agreement will be null and void and that he may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to advise the Government as to any person the defendant believes to be violating the law immediately, and he agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The United States may, but shall not be required to, make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law.

4

The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant except for the purpose of impeachment. However, all parties understand that any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should he commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and he faces additional criminal charges.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Indictment or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Indictment or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty. Pursuant to Title 18, United States Code, Section 2253, the defendant consents to the forfeiture of the items contained in Attachment "A" to this plea agreement.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant further agrees to submit to an interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to execute a complete and thorough Financial Statement, Form OBD-500, voluntarily and return it to the undersigned Assistant United States Attorney within fourteen days of entering a plea of guilty to the above-mentioned charges. As part of the execution of the complete and thorough Financial Statement, the defendant shall include a complete listing of all assets owned or controlled by the defendant as of the date on which the defendant was arraigned. The defendant shall also include a complete and thorough list of all transfers of assets, changes of control/ownership of any assets from two years prior to the date of indictment up to and including the present date. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

*Jordan Ginsberg*
JORDAN GINSBERG
Assistant United States Attorney

*George Chaney*
GEORGE CHANEY, JR.
Attorney for the Defendant
Date: 10-24-12

_____
JASON LONG
Defendant
Date: 10-29-12

JG/ajl

## ATTACHMENT A

1)   One (1) Toshiba laptop computer, with serial number 98360142Q.

2)   One (1) Sanyo digital camera, with model number VPC-503