UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 12-267** |
| **JASON LONG** | **SECTION C(5)** |

## ORDER AND REASONS

Before the Court is Defendant Jason Long's Motion for Out-of-Time Appeal and Appointment of Counsel Pursuant to 28 U.S.C. 2255. Rec. Doc. 40. Having considered the record, the law, and the submissions of counsel, the Court hereby DISMISSES defendant's motion WITHOUT PREJUDICE.

**I. Background**

On March 1, 2012, a federal grand jury indicted defendant for two counts of receipt and possession of child pornography. No. 12-cr-116, Rec. Doc. 1. On April 25, 2012, defendant, represented by George Chaney, entered into an agreement to plead guilty to Count One of that indictment, in exchange for the government dismissing the remaining count and agreeing not to seek additional charges arising out of the misconduct outlined in the indictment. No. 12-cr-116, Rec. Doc. 17, 20.

On October 4, 2012, the U.S. Attorney filed a one-count Bill of Information against defendant for a sexual exploitation of a child under his custody; that case was given the above-captioned case number. Rec. Doc. 1. Defendant, still represented by Mr. Chaney, waived the indictment and entered into a second agreement to plead guilty to the Bill of Information, in exchange for Government's agreement not to pursue any additional charges based on conduct outlined in the Bill. Rec. Doc. 8, 11. Under this agreement, like the previous agreement, defendant agreed to waive his right to appeal his conviction, except for punishments exceeding the statutory

maximum and to establish the constitutional infirmity of his plea or waiver of the right to appeal. Rec. Doc. 14 at 3; Rec. Doc. 20 at 3.[1]

Sentencing in both cases took place on May 22, 2013. Rec. Doc. 32; No. 12-cr-116, Rec. Doc. 54. The Court sentenced defendant to 240 months imprisonment with respect to Count One of the indictment in 12-cr-116 and 360 months imprisonment with respect to Count One of the Bill of Information in this case. Rec. Doc. 33; No. 12-cr-116, Rec. Doc. 55. 120 months of the 240-month sentence in 12-cr-116 were to be served concurrently with 360-month sentence in the above-captioned matter. *Id.* Therefore, defendant's total sentence for both cases was 480 months.

On July 17, 2014, defendant requested the appointment of counsel for purposes of filing an appeal. Rec. Doc. 34. The Court referred this matter to the Magistrate Judge, who instructed defendant to fill out form AO 240, relative to his ability to afford counsel. Rec. Doc. 36. Defendant did so, further indicating that he and his brother had previously requested that Mr. Chaney file an appeal on defendant's behalf without any success. Rec. Doc. 37.

Defendant next filed this Motion for Out-of-Time Appeal through counsel appointed by the Magistrate Judge. Rec. Doc. 39. In it, defendant argues that counsel denied him the effective assistance of counsel by failing to timely file a notice of appeal on his behalf. On this basis, defendant urges that the court vacate and reinstate judgment to facilitate the filing of an out-of-time appeal by defendant. Most immediately, defendant seeks an evidentiary hearing at which to prove the substance of his allegation.

---

[1] In both cases, the Court only conditionally accepted the defendant's guilty plea at first, giving the defendant the opportunity to review the PSR, object to it, and hear the Court's resolution of those objections before the Court entered any judgment finding him guilty of the crimes charged. In the end, counsel submitted evidence to the Probation Officer on defendant's behalf and contested the applicability of an enhancement to defendant's total offense level.

**II. Law and Analysis**

When a defendant files a motion under 2255, the court must make a prompt determination of the issues raised therein, adhering to the procedures set forth in 28 U.S.C. § 2255 and the Rules Governing 2255 Proceedings in the District Courts. When a motion is filed, the Court must conduct an initial review to determine whether the motion and the record conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b); Rules Governing Section 2255 Proceedings, Rule 4(b). If the answer to this question is no, the Court must provide notice to the U.S. Attorney and order him to file an answer. *Id.* After the answer is filed, the Court must review it, along with the remainder of the record to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). An evidentiary hearing <u>must</u> be granted where there are contested issues of fact material to the disposition of the motion. *See Freidman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979).

Newly appointed counsel contends that an evidentiary hearing is required to properly resolve defendant's allegation that trial counsel deprived defendant of the effective assistance of counsel by failing to file a notice of appeal at his request. Rec. Doc. 40. This argument is correct insofar as the allegation would entitle defendant to the out-of-time appeal he has requested.[2]

---

[2]To demonstrate ineffective assistance of counsel, a defendant must typically show deficient performance - that is, acts or omissions that are "not the result of reasonable professional judgment" and further "outside the wide range of professionally competent assistance" - and prejudice or "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984). Judicial scrutiny of counsel's performance is normally highly deferential. *Id.* at 689. Thus, on a claim of ineffective assistance of counsel, a defendant must ordinarily overcome a presumption that counsel's conduct might be considered "sound trial strategy" under the circumstances. *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Similarly, prejudice is rarely to be presumed from an isolated act or omission by counsel; rather a defendant must normally overcome the presumption that the outcome of his proceedings was reliable. *See id.* at 696.

Nevertheless, the Court will refrain from ordering an evidentiary hearing in this case because defendant's motion does not comply with Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. No one has signed defendant's motion under penalty of perjury, and thus, defendant's allegation that he requested counsel to file an appeal on his behalf is not properly certified. While counsel has signed the 2255 motion and supporting memorandum, counsel has nowhere attested to the truth of their contents under penalty of perjury. His signature on the motion and memorandum only subjects him to the sanctions regime under Federal Rule of Civil Procedure 11. It does not place him under penalty of perjury.

Accordingly,

IT IS ORDERED that Defendant Jason Long's Motion for Out-of-Time Appeal and Appointment of Counsel Pursuant to 28 U.S.C. § 2255 is hereby DISMISSED WITHOUT PREJUDICE. Rec. Doc. 40.

New Orleans, Louisiana, this 21st day of July, 2014

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

However, the Supreme Court has said that the failure of counsel to file a notice of appeal upon request for an appeal is always professionally unreasonable and further must be presumed prejudicial by a reviewing court. *Roe v. Flores-Ortega*, 528 U.S. 470, 477-78, 483 (2000). This is true, even when the defendant has waived his right to appeal in a plea agreement, as in this case. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

Separate but related case law recognizes that counsel owe a duty to make their clients aware that filing a notice of appeal is a required step in the process and further that it must be done within 14 days the entry of judgment or the filing of a notice of appeal by the Government. Fed. R. App. P. 4(b)(1)(A); *see, e.g., White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999).