UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-267 |
| JASON LONG | SECTION C |

ORDER AND REASONS

This matter returns to the Court on movant's Second Motion for Out-of-Time Appeal and Appointment of Counsel pursuant to 28 U.S.C. § 2255. Rec. Doc. 47. The government opposes. Rec. Doc. 49. For the following reasons, the Court will conduct an evidentiary hearing on the substance of movant's ineffective assistance of counsel claim and deny the remainder of the motion.

I. Factual Background and Procedural History

On October 4, 2012, movant, Jason Long, was charged by a Bill of Information with one count of Sexual Exploitation of Children in violation of 18 U.S.C.§ 2251(b) and 18 U.S.C. §2253. Rec. Doc. 1. Previously on March 1, 2012, in the related criminal action no. 12-cr-116, movant was charged by the Grand Jury with one count of Receipt of Child Pornography, in violation of 18 U.S.C. §2256(2) and 18 U.S.C. §252(a)(2) and one count of Possession of Child Pornography, in violation of 18 U.S.C. §2256(2) and 18 U.S.C. §2252(a)(4)(B). No. 12-cr-116 Rec. Doc. 1.  In case no. 12-cr-116, Federal Public Defender Virginia Laughlin Schlueter was appointed to represent movant on March 7, 2012. No. 12-cr-116 Rec. Doc. 9. Ms. Schlueter was also appointed to represent movant in this instant case on October 10, 2012. Rec. Doc. 3 Subsequently, Federal Public Defender George Chaney, Jr. was also added to represent movant

in both criminal cases. On April 25, 2012, in case no. 12-116, movant pled guilty to count one with a plea agreement. No. 12-cr-116 Rec. Doc. 17.  In the instant case, on October 24, 2012 movant pled guilty to count one with a plea agreement. Rec. Doc. 11. In both plea agreements movant agreed to waive his right to appeal his conviction, except for punishments exceeding the statutory maximum and to establish the unconstitutionality of his plea or waiver of the right to appeal. Rec. Doc. 14 at 3; No. 12-cr-116 Rec. Doc. 20 at 3.

On May 22, 2013, the Court sentenced movant to a term of imprisonment of 480 months: (1) 360 months in this instant case for count one, with 120 months to run concurrently to the sentence in case 12-cr-116 and 120 months to run consecutively to the sentence imposed in case 12-cr-116; Rec. Doc. 33; and (2) 240 months in case 12-cr-116 for count one with 120 months to run concurrently with the sentence imposed for the instant case and 120 months to run consecutively to the sentence imposed for the instant case. No. 12-cr-116 Rec. Doc. 55.

On July 17, 2013, the Court received a letter from movant dated July 12, 2013, requesting the Court to appoint counsel for purposes of appeal, which the Clerk treated as a Motion to Appoint Counsel. Rec. Doc. 34. An identical letter was also received in case 12-cr-116. No. 12-cr-116 Rec. Doc. 56. Magistrate Judge Sally Shushan granted the request and appointed counsel for the instant case. Rec. Doc. 38. However, in case 12-cr-116, Magistrate Judge Joseph C. Wilkinson, Jr. denied the request to appoint counsel. No. 12-cr-116 Rec. Doc. 60.

On May 20, 2014, movant filed a Motion to Vacate under 28 U.S.C. §2255 which this Court dismissed without prejudice on July 21, 2014 for failing to comply with Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. Rec. Docs. 40 and 45 at 4. Movant filed the instant Second Motion for Out-of-Time Appeal and Appointment of Counsel Pursuant to 28

U.S.C. §2255 on September 15, 2014. Rec. Doc. 47. The government filed a response October 17, 2014 opposing movant's request for an out-of-time appeal but took no position on movant's request for an evidentiary hearing. Rec. Doc. 49.

II. Analysis

In the instant motion, movant contends: (1) that Mr. Chaney rendered ineffective assistance of counsel when he failed to file a notice of appeal despite movant's request that he do so; (2) that movant is entitled to an evidentiary hearing; and (3) that the court may choose to apply the "Judgment-Reinstatement" procedure to reset the time period in which to file an appeal instead of granting an out-of-time appeal.

    *A. Ineffective Assistance of Counsel*

The Sixth Amendment entitles movant to the effective assistance of counsel at all critical stages of the criminal process. *See, e.g.*, *Lafler v. Cooper*, 566 U.S. __, __, 132 S. Ct. 1376, 1385, 182 L. Ed. 2d 398 (2012). To sustain a claim of ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984). A court may consider the twin requirements of deficient performance and prejudice in either order; failure on one prong obviates the need to analyze the other. *Id.* at 697, 104 S. Ct. at 2069.

Deficient performance requires a showing "that counsel made errors so serious that counsel was not functioning as counsel guaranteed" by the Sixth Amendment and that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-688, 104 S. Ct. at

2064. Generally, to make such a showing, a defendant must "identify the acts or omissions alleged not to have been the result of reasonable professional judgment." *Id.* at 690, 104 S. Ct. at 2066. A reviewing court must then determine whether the identified acts or omissions fell outside "the wide range of professionally competent assistance," while indulging "a strong presumption that counsel's conduct falls within" that range. *Id.* at 689, 104 S. Ct. at 2065. A defendant must overcome "a strong presumption" that counsel's conduct "might be considered sound trial strategy." *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S. Ct. 158, 164, 100 L.Ed. 83 (1955)).

When the ineffective assistance of counsel claim is based upon counsel's failure to file a Notice of Appeal, the analysis of whether counsel's performance was deficient requires a slightly different showing. The filing of a Notice of Appeal is "a purely ministerial task" and not a decision considered to be strategic. *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 1036, 145 L. Ed. 2d 985, 997 (2000). Additionally, it is well settled that an attorney who disregards specific instructions from his/her client regarding filing a Notice of Appeal is acting in a professionally unreasonable manner. *See e.g. Rodriquez v. United States*, 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969). This is true even in cases where rights to a direct appeal and collateral review have been waived by the defendant in his plea agreement. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

The first step of the analysis is to determine whether counsel actually consulted the defendant about an appeal. *Id.* at 478, 120 S. Ct. at 1035. Once counsel has determined the defendant's desires, failure to follow the defendant's express instructions regarding an appeal is considered deficient performance. *Flores-Ortega,* 528 U.S. at 477, 120 S. Ct. at 1036.

However, there is no *per se* rule that states a failure to discuss and consult with the defendant regarding an appeal is itself deficient performance. The "constitutionally-imposed duty to consult with the defendant about an appeal" exists only when (1) the defendant reasonably communicated to his lawyer that he was interested in appealing or (2) a rational defendant would want to appeal. *Id.* at 480, 120 S. Ct. at 1035. Whether the duty to consult with the defendant regarding an appeal exists or not, depends on the totality of the circumstances. *Id.* citing *Strickland*, 466 U.S. at 690. Highly relevant, although not determinative, is whether the conviction was a result of a trial or a guilty plea, due to the fact that a guilty plea generally restricts the issues that are appealable. *Flores-Ortega,* 528 U.S. at 480, 120 S. Ct. at 1036.

Once there has been a showing of deficient performance, the *Strickland* test also requires a showing of prejudice. Prejudice requires a defendant to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* For claims based on counsel's failure to file a Notice of Appeal, a defendant must show this prejudice element by demonstrating "counsel's constitutionally deficient performance deprived defendant of an appeal that he otherwise would have taken." *Flores-Ortega,* 528 U.S. at 484, 120 S. Ct. at 1039. Alternatively, if the defendant has "demonstrated by a preponderance of the evidence that he requested an appeal, prejudice will be presumed." *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). There is no requirement that the defendant specify what issues he would pursue on appeal if granted nor any requirement that those issues be meritorious. *Id.* See also *Rodriquez,* 395 U.S at 330.

In this case, the only act or omission identified as deficient in movant's motion is counsel's alleged failure to file movant's requested appeal. Rec. Doc. 47 at 3. However, there is no evidence in the record that supports movant's contention that he requested Mr. Chaney file an appeal.[1] The record is also devoid of any proof negating movant's claim that he requested an appeal. Movant's counsel argues that movant's letter to the courts requesting an attorney to assist with his appeal supports movant's belief he requested an appeal. Just that contention, without more, is not enough to conclude that movant requested his former counsel to file an appeal.

*B. Movant's Entitlement to Evidentiary Hearing*

Section 2255(b) requires the Court to "grant a prompt hearing" on any motion filed under its auspices, "[u]nless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief." The Fifth Circuit has repeatedly held that "contested fact issues ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981) (citing *Owens v. United States*, 551 F.2d 1053, 1054 (5th Cir. 1977)). However, in this case there are not even any affidavits to consider. Specifically, the record does not disclose whether or how counsel advised movant regarding the timing of and filing of his appeal. Under these circumstances, an evidentiary hearing is required. *See United States v. Noble*, 73 Fed. App'x 669, 670 (5th Cir. 2003) (in a § 2255 motion, evidentiary hearing required where movant and attorney affidavits conflicted as to whether movant requested an appeal); *see also United States v. Havens*, 450 F. App'x 363, 364 (5th Cir. 2011) (material dispute between attorney and movant

---

[1] Movant's counsel had sought to include an affidavit in support of this claim from movant, however, counsel has been unable to determine movant's physical location due to his being "temporarily out of BOP custody." Rec. Doc. 47 at 5, FN 3.

affidavits required evidentiary hearing); *United States v. McBrayer*, 111 Fed. App'x 723, 724 (5th Cir. 2004) (same).

In light of the forgoing, an evidentiary hearing is required to resolve movant's claim of ineffective assistance of counsel.

Accordingly,

The Court refers the issue of whether movant asked Mr. Chaney to file a notice of appeal to the magistrate judge for an evidentiary hearing and proposed findings of fact and conclusions of law. *See* Rule 8(b), 28 U.S.C. foll. § 2255 (district judge may "refer [a section 2255] motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition).

IT IS FURTHER ORDERED that the Motion for Out-of-Time Appeal and Appointment of Counsel is DENIED in all other respects.

New Orleans, Louisiana, this 3rd day of November, 2014

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE