UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                               CRIMINAL ACTION

VERSUS                                                 NUMBER: 12-267

JASON LONG                                             SECTION: "C"(5)


**FINDINGS AND RECOMMENDATION**

This matter was referred to this Court to conduct an evidentiary hearing and to thereafter issue Proposed Findings and Recommendation to the District Judge concerning the specific question of whether Defendant requested that his counsel file a Notice of Appeal. (Rec. doc. 50). The Court has conducted such a hearing and hereby issues its Proposed Findings and Recommendation.

I.     BACKGROUND[1]

On October 4, 2012, Jason Long, Defendant herein, was charged by a Bill of Information with one count of Sexual Exploitation of Children in violation of 18 U.S.C. §2251(b) and 18 U.S.C. §2253. (Rec. doc. 1). Previously, on March 1, 2012, in a related criminal proceeding, No. 12-CR-116, Long was charged by the Grand Jury with one count of Receipt of Child Pornography, in violation of 18 U.S.C. §2256(2) and 18 U.S.C. §252(a)(2), and one count of Possession of Child Pornography, in violation of 18 U.S.C. §2256(2) and 18 U.S.C. §2252(a)(4)(B). (Rec. doc. 1 in 12-CR-116). In that earlier criminal case, Federal Public Defender Virginia Laughlin Schlueter was appointed to represent Long on March 7,

---

[1] This procedural background is taken in large part from the District Judge's recitation in her Order and Reasons of November 3, 2014. (Rec. doc. 50).

2012.  (Rec. doc. 9 in 12-CR-116).  Ms. Schlueter was also appointed to represent Long in this instant case on October 10, 2012.  (Rec. doc. 3).  Subsequently, Federal Public Defender George Chaney, Jr. was also added to represent Long in both criminal cases.  (Rec. doc. 4; rec. doc. 12 in 12-CR-116).

On April 25, 2012, in case No. 12-CR-116, Defendant pleaded guilty to count one pursuant to a plea agreement with the government.  (Rec. doc. 17 in 12-CR-116).  In the instant case, on October 24, 2012, Long pleaded guilty to count one, again pursuant to a plea agreement with the government.  (Rec. doc. 11).  In both plea agreements Long agreed to waive his right to appeal his conviction, except for punishments exceeding the statutory maximum and to establish the unconstitutionality of his plea or waiver of the right to appeal.  (Rec. doc. 14 in 12-CR-116; rec. doc. 20).  On May 22, 2013, the District Judge sentenced Long to a total term of imprisonment of 480 months, apportioned as follows:  (1) 360 months in this instant case on count one, with 120 months to run concurrently with the sentence in case No. 12-CR-116 and 120 months to run consecutively to the sentence imposed in case No. 12-CR-116 (rec. doc. 33); and (2) 240 months in case No. 12-CR-116 on count one with 120 months to run concurrently with the sentence imposed in the instant case and 120 months to run consecutively to the sentence imposed in the instant case. (Rec. doc. 55 in 12-CR-116).

On July 17, 2013, the District Judge received a letter from Long dated July 12, 2013, requesting that the Court appoint counsel, stating "I'm in need of another court appointed attorney to help me file my appeal."  (Rec. doc. 34).  An identical letter was also received in case No. 12-CR-116.  (Rec. doc. 56 in 12-CR-116).  Magistrate Judge Sally Shushan granted the request and appointed counsel in the instant case.  (Rec. doc. 38).  However, in case No.

12-CR-116, Magistrate Judge Joseph C. Wilkinson, Jr. denied the request to appoint counsel. (Rec. doc. 60 in 12-CR-116).

On May 20, 2014, Long filed a Motion to Vacate under 28 U.S.C. §2255, which the District Judge dismissed without prejudice on July 21, 2014 for failure to comply with Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. (Rec. docs. 40, 45). Long filed the instant Second Motion for Out-of-Time Appeal and Appointment of Counsel Pursuant to 28 U.S.C. §2255 on September 15, 2014. (Rec. doc. 47). The government filed a response on October 17, 2014, opposing Long's request for an out-of-time appeal but taking no position on movant's request for an evidentiary hearing. (Rec. doc. 49).

The present Motion contends: (1) that Chaney rendered ineffective assistance of counsel when he failed to file a notice of appeal despite movant's request that he do so; (2) that Long is entitled to an evidentiary hearing; and (3) that the court may choose to apply the "Judgment-Reinstatement" procedure to reset the time period in which to file an appeal instead of granting an out-of-time appeal.

The District Judge issued an Order and Reasons on November 3, 2014, referring to this Court for an evidentiary hearing the question of whether Long asked Chaney to file a Notice of Appeal, noting "there is no evidence in the record that supports movant's contention that he requested Mr. Chaney file an appeal, [nor is there] any proof negating movant's claim that he requested an appeal." (Rec. doc. 50 at p. 6). The District Judge denied the Motion in all other respects. (*Id.*).

II.  THE EVIDENTIARY HEARING

This Court conducted an evidentiary hearing on the matter on January 6, 2015. (Rec. doc. 53). At that hearing, two witnesses testified and no documentary evidence was offered or accepted into evidence. Defense counsel called Long to testify and he did so telephonically.[2] That testimony, while brief, nonetheless proved to be internally inconsistent on the specific question of whether Long requested that Chaney file a Notice of Appeal.

When first asked by his counsel if he remembered what transpired on May 22, 2013 (the date of his sentencing), Long testified that he asked Chaney whether he "needed to file an appeal for ineffective assistance of counsel. . . ." (Tr. at p. 7). Notably, Long stated that Chaney "**was not able to respond to me** as they was calling me back downstairs to the holding cell **so I did not get a response** so I'm assuming, I assumed at the time that he was going to put one in for me." (*Id.*) (emphasis added).

A few moments later, Long provided a somewhat different version of the events:

> Q: And could you just tell the Magistrate Judge specifically what the request you made to Mr. Chaney was and the words that you used?
>
> A: I made a request for ineffective assistance of counsel for the appeal.
>
> Q: And best as you can remember, did Mr. Chaney give you a verbal response to that?
>
> A: He said he would take care of it.
>
> Q: Those were his words exactly?

---

[2] In a minute entry dated November 20, 2014, this Court stated "Counsel for Defendant shall make the appropriate arrangements to secure Mr. Long's presence at the hearing. Defendant's participation at the hearing will be by video or telephonic means depending on the technological capabilities at the facility where he is housed." (Rec. doc. 52).

4

      A:      Yeah

(Tr. at p. 8).

Finally, Long testified that he never followed up with Chaney – either verbally or in writing – regarding the filing of an appeal, but rather wrote the District Judge asking her to appoint counsel "to help file my appeal." (Tr. at p. 9).

Following Long's testimony, Chaney was called to testify, which he did emphatically and with clarity:

> Q: After [the District judge] imposed the sentence, at any point did Mr. Long indicate to you that he wished to file a Notice of Appeal?
>
> A: No.
>
> Q: Did he ever tell you that he wanted to file a Notice of Appeal based on your ineffective counsel?
>
> A: No.
>
> Q: Did you ever respond to him, if he asked you that, "Ill take care of it?"
>
> A: No.
>
> Q: So to your knowledge as you sit here today it's your understanding that Mr. Long never asked you to file a Notice of Appeal?
>
> A: Mr. Long did not ask me to file a Notice of Appeal.

(Tr. at pp. 16-17).

Mr. Chaney otherwise demonstrated a full and detailed recollection of events, including the names of Long's family members with whom he spoke leading up to sentencing and a number of the issues that he, Long and his family members discussed in

preparing for Long's sentencing. He specifically stated that after the sentencing, neither Long nor his family ever communicated with him again. (Tr. at pp. 18-20).

   III.   ANALYSIS

The framework for an ineffective assistance of counsel claim was fully set forth in the District Judge's Order and Reasons (rec. doc. 50) and the Court will not repeat that analysis here, except to remark that to demonstrate the type of "deficient performance" necessary to establish ineffective assistance of counsel, a defendant must show "that counsel made errors so serious that counsel was not functioning as counsel guaranteed" by the Sixth Amendment and that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984).

Here, the question before the Court is whether Long received ineffective assistance of counsel in this matter **because** his counsel failed to file a Notice of Appeal after being asked to do so. The duty to consult exists only when: (1) a rational defendant would want to appeal (*e.g.*, because there are meritorious grounds for appeal), or (2) the defendant reasonably communicated to his lawyer a desire to appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 120 S. Ct. 1036, 1035, 145 L. Ed. 2d 985, 998 (2000). It is well-settled that an attorney who disregards express instructions from his/her client regarding the filing a Notice of Appeal is acting in a professionally unreasonable manner. *Id.* at 478, 120 S. Ct. at 1035. This is true even in cases where rights to a direct appeal and collateral review have been waived by the defendant in his plea agreement. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

The only question before this Court is whether counsel disregarded express instructions from Long to file a Notice of Appeal.

After hearing the testimony of Long and Chaney at the aforementioned evidentiary hearing, this Court is convinced that Long did not ask Chaney to file a Notice of Appeal, as he alleges in his Second Motion for Out-of-Time Appeal. As noted above, Chaney's testimony on this question was clear, unequivocal, and credible, while Long's was – at best – inconsistent. Indeed, when first asked what had transpired at the sentencing hearing when he allegedly asked his lawyer to file a Notice of Appeal, Long testified that Chaney "was not able to respond to me as they was calling me back downstairs to the holding cell so I did not get a response." (Tr. at p. 7). He later changed his testimony, stating that Chaney actually **did** respond, telling Long he would "take care of it." (Tr. at p. 8). The Court cannot credit this second version of events, given the contradictory version previously offered by Long.

It logically follows that Chaney could not have acted "in a professionally unreasonable manner" for failing to file a Notice of Appeal he was not asked to file. *See Flores-Ortega*, 528 U.S. at 478, 120 S. Ct. at 1035. Even if Long's first recitation of events is accurate and he did ask Chaney to file an appeal, Chaney still cannot be said to have acted unreasonably, as there is nothing in the record to indicate that he actually heard Long ask him to do anything and both Long and Chaney testified that Long never communicated with Chaney again.

In sum, this Court finds that the testimony establishes that Long did not ask Chaney to file a Notice of Appeal, either at the sentencing hearing or at any time thereafter.

Accordingly, **IT IS RECOMMENDED** that Long's Second Motion for Out-of-Time Appeal and Appointment of Counsel pursuant to 28 U.S.C. §2255 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 12th day of January, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE